# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CARPENTER LOGGING, LLC**
**Employer Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0964** (BOR Appeal No. 2051982)
                    (Claim No. 2015022418)

**KEITH W. TENNEY,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Carpenter Logging, LLC, by Daniel G. Murdock, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Keith W. Tenney, by J. Thomas Greene, his attorney, filed a timely response.

The issue on appeal is whether Mr. Tenney was an employee of Carpenter Logging, LLC, on the date of injury listed as December 16, 2014. On February 19, 2015, the claims administrator issued an Order finding that Mr. Tenney was not an employee on the date of the alleged injury. The Office of Judges reversed the claims administrator's decision in an Order dated April 11, 2017. The Office of Judges concluded that a preponderance of the evidence supports that Mr. Tenney was an employee for Carpenter Logging, LLC, on December 16, 2014. The Office of Judges remanded the case to the claims administrator with instructions that it determine whether Mr. Tenney was injured in the course of and as a result of his employment, and if so, his compensable conditions. This appeal arises from the Board of Review's Final Order dated September 27, 2017, in which the Board affirmed the April 11, 2017, Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

On December 16, 2014, Mr. Tenney suffered severe injuries when a bulldozer he was operating struck an electrical power line. Mr. Tenney was operating a John Deer 550 bulldozer to skid logs to a loading location at the Carpenter Logging, LLC, work site. As a result of the accident, Mr. Tenney sustained kidney failure, acute venous embolism and thrombosis, acute osteomyelitis, traumatic amputation of an arm and hand, burns of unspecified site, and skin replaced by transplant. The issue in contention is whether Mr. Tenney was an employee of Carpenter Logging, LLC, at the time of his work injury, or whether he was an independent contractor.

On February 13, 2015, Mr. Tenney filed a Report of Injury form indicating that Carpenter Logging, LLC, employed Mr. Tenney on a full-time basis and that he was injured on December 16, 2014. The claims administrator denied the claim on February 19, 2015, and ruled that Mr. Tenney was not an employee of Carpenter Logging, LLC. Instead, the claims administrator found Mr. Tenney to be an independent contractor. Mr. Tenney protested the decision.

Sean Carpenter, owner of Carpenter Logging, LLC, testified at a deposition on May 9, 2016. Mr. Carpenter testified that he has been in business for over twenty years, and that, as a business, Carpenter Logging, LLC, cuts and harvests timber. Mr. Carpenter denied that Mr. Tenney was an employee of the company. Mr. Carpenter testified that Mr. Tenney was an independent contractor who was in business with Mr. Tenney's brother. He stated that the two companies had a long history of working together, and they have known each other since childhood. He testified that Mr. Tenney owned several businesses in the past that were used as independent contractors for Carpenter Logging, LLC, on multiple occasions prior to the date of injury. Mr. Carpenter stated that Mr. Tenney supplied all of his own equipment. He also stated that Carpenter Logging, LLC, had no control over Mr. Tenney.

Mr. Carpenter further testified that a verbal agreement was made between Carpenter Logging, LLC, and the Tenney brothers to cut trees, trim trees, and move trees to a landing site where the timber could be loaded onto a truck. Mr. Carpenter stated that Mr. Tenney was paid by the hour on a lump sum basis. He also stated that he paid the brothers separately. According to Mr. Carpenter, once Mr. Tenney and his brother delivered the trees to the landing site, Carpenter Logging, LLC, loaded the timber onto trucks. Mr. Carpenter testified that a certified logger is mandated for logging sites, and that he was the certified logger for their site.

Mr. Tenney appeared and testified at a deposition on January 27, 2017. Mr. Tenney testified that he was an employee of Carpenter Logging, LLC, on December 16, 2014. He admitted that he had worked as an independent contractor on multiple occasions in the past. He noted that in those instances where he had worked as an independent contractor, he supplied his own equipment, determined his start and stop times, and was paid a contract price determined by dollars per board foot of timber cut. Mr. Tenney testified that he was not a certified logger during the time he was on Carpenter Logging's jobsite. He testified that Mr. Red Riley was Carpenter Logging's foreman and the site loader/operator. Mr. Tenney stated that Mr. Riley, and the landowner, told him where to retrieve and place logs and when to start working. Mr. Tenney stated that his job duties were to perform earthwork and skid logs with Carpenter Logging's bulldozer. He testified that he provided no tools for the work site. Mr. Tenney testified that on

2

December 16, 2014, he was driven to the worksite by Mr. Riley. He stated that he was skidding timber with Carpenter Logging's bulldozer when he came into contact with power lines.

The Office of Judges reversed the claims administrator's February 19, 2015, Order on April 11, 2017. In its Order, the Office of Judges stated that although it is a close case, it is more likely than not that Mr. Tenney was an employee of Carpenter Logging, LLC, on the date of injury. The Office of Judges did not believe the employer met its burden of proving that Mr. Tenney was an independent contractor.

In its analysis, the Office of Judges took note of the fact that Mr. Carpenter testified that Mr. Tenney was paid by the hour and that he paid Mr. Tenney and his brother separately. Mr. Tenney testified that he was paid $15 per hour. The Office of Judges found that this testimony suggests that Mr. Tenney was an employee. The Office of Judges reasoned that if Mr. Tenney and his brother were independent contractors, then one check would have been issued to their company. Instead, Carpenter Logging, LLC, paid each brother separately.

The Office of Judges also found a contradiction in Mr. Carpenter's testimony regarding the use of equipment for cutting, trimming, and transporting trees to the site. Mr. Carpenter testified that his company supplied no equipment to Mr. Tenney. He stated that they bring their own saws and equipment and take them home with them every evening. However, the Office of Judges determined that Mr. Tenney was using equipment owned by Carpenter Logging, LLC, on the date of injury.  Also, the Office of Judges noted that Mr. Tenney stated in his deposition that he did not supply equipment for the job, but was injured while operating a John Deer 550 bulldozer owned by Carpenter Logging, LLC.

The Office of Judges found Mr. Tenney's testimony consistent in determining that he was an employee of Carpenter Logging, LLC. Mr. Tenney testified that his job was to operate a bulldozer and skid logs and that on the date of injury, the bulldozer contacted a power line while he was skidding trees. His testimony is consistent with the First Report of Injury or Illness form completed on February 13, 2015. The Office of Judges determined that the form was further evidence of Mr. Tenney's employee status. The Workers' Compensation First Report of Injury or Illness form was prepared by Lisa Parsons, an employee of AmGuard Insurance Company, wherein it stated that Keith W. Tenney was an employee of Carpenter Logging, LLC, and his work status was considered "regular" at the time he sustained his work injury on December 16, 2014. Mr. Tenney testified that he spoke to no insurance representatives prior to the claims administrator's February 19, 2015, Order rejecting the claim. Mr. Tenney testified that he provided information to investigators after the injury, and he was issued an insurance medication card, which states clearly on the front "Workers' Compensation."

Finally, the Office of Judges looked at Mr. Carpenter's certification as logger in finding that Mr. Tenney was an employee of Carpenter Logging, LLC. Mr. Carpenter testified that he was listed as the certified logger for the job site. Mr. Tenney testified that he was not a certified logger during the time he was working at Carpenter Logging's job site. Mr. Tenney testified that he had not been working, and he and his brother agreed to work for Carpenter Logging, LLC, for $15 an hour. Mr. Tenney testified that when he was working as an independent contractor, he

was required to have business and contractor licenses, and be certified as a logger. The Office of Judges determined that if Mr. Tenney was an independent contractor who was hired to cut and haul trees to a landing site for Carpenter Logging, LLC, he more likely than not would have had a logging certification while doing the job.

In its Order, the Office of Judges concluded that it was undisputed that Mr. Tenney was paid by the hour when he was injured on December 16, 2014. It was also undisputed that he and his brother were paid separately. At the time of the injury, Mr. Tenney was working in a bulldozer owned by Carpenter Logging, LLC, and Mr. Tenney was listed as a fulltime employee on the Workers' Compensation First Report of Injury or Illness form. The Office of Judges found Mr. Carpenter's testimony that Mr. Tenney supplied all of his own equipment is inconsistent with the facts of the case. The Office of Judges reversed the February 19, 2015, Order of the claims administrator and found that Mr. Tenney was an employee of Carpenter Logging, LLC, on December 16, 2014. The Office of Judges ordered that the claim be remanded with instructions that the claims administrator determine whether Mr. Tenney was injured in the course of and as a result of his employment, and if so, to name his compensable conditions.

On September 27, 2017, the Board of Review adopted the findings of fact and conclusions of law found by the Office of Judges and affirmed its Order dated April 11, 2017. The Board of Review stated that if payment to Mr. Tenney or other action is required as a result of the Order, the responsible party shall pay the payment, or take such action as is required within fifteen days of the date of this Order.

We agree with the Board of Review's decision. Carpenter Logging, LLC, did not meet its burden of proof in attempting to establish that Mr. Tenney was not an employee of the company. The evidence supports the position that Mr. Tenney was working as an employee of Carpenter Logging, LLC, on December 16, 2014, when the bulldozer he was operating to skid logs came in contact with a high power electric transmission line. The decision of the Office of Judges and Board of Review to reverse the rejection of the claim by the claims administrator is entirely supported by the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4